## 148    HOLLWEDEL CO. v. AUERBACH & CO.

THE CHARLES F. HOLLWEDEL COMPANY, Appellant, v.
AUERBACH & COMPANY, Respondent.

(Supreme Court, Appellate Term, March, 1910.)

Assignments — Requisites and sufficiency —Assignments in writing.
Corporations — Promoters and contracts made before incorporation —
Rights of corporation in contracts made before incorporation.

A corporation may accept an assignment executed prior to its
incorporation and thus acquire title to the claim assigned
thereby.

APPEAL by plaintiff from a judgment of the Municipal
Court of the city of New York, entered in its favor after a
trial by the court without a jury, for thirty-nine dollars and
twelve cents.

Robert B. Honeyman, for appellant.

Phelan Beale, for respondent.

SEABURY, J. The action is brought to recover $237. The
defendant concedes that $37 is due but contests the balance
of the claim. The claim of $200 was assigned by a corpora-
tion known as Hollwedel and Schaefer.

The defendant admits that the sum of $200 is due, but
claims that it is indebted in this sum to Charles F. Holl-
wedel and not to the plaintiff. The defendant seeks to
escape liability upon the ground that the transactions result-
ing in its indebtedness were had with Charles F. Hollwedel
personally. It also claims that, if any assignment was
proved, the evidence shows that the claim was assigned to
Charles F. Hollwedel, personally, and not to the plaintiff.

In answer to the first contention, it is sufficient to say
that the evidence shows that the transactions resulting in
the indebtedness were had with the corporation of Hollwedel
and Schaefer.

As the record established that the defendant was indebted
to the corporation of Hollwedel and Schaefer for $200, the

question presented is whether or not the claim for this amount was assigned to the plaintiff.

The fact that at the time of the assignment to Charles F. Hollwedel Company, the plaintiff had no legal existence is immaterial. The plaintiff was subsequently incorporated and before the commencement of this action acquired the claim which the corporation of Hollwedel & Schaefer assigned to Charles F. Hollwedel Company.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.

LEHMAN, J., concurs.

BIJUR, J. (concurring). There seems to be little doubt, on the testimony, that Hollwedel took title to the claim in suit, from Hollwedel & Schaefer, as agent or trustee for the Charles F. Hollwedel Company, to be formed. This is shown, among other things, by the way the check in payment was signed, *i. e.,* " Chas. F. Hollwedel Co."

The plaintiff, after its incorporation, by its subsequent acts, especially by the bringing of this suit, has ratified or adopted the act of Hollwedel, and thereby acquired his title.

The judgment should be reversed and a new trial ordered.

Judgment reversed and new trial ordered.